IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DION BAKER, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
|  | : | 1:12-CV-3247-LMM |
| DEKALB COUNTY, GEORGIA, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendant J.C. Lovett's Motion for Reconsideration [56]. After a review of the record and due consideration, that Motion is **DENIED**.

Defendant J.C. Lovett moves this Court to reconsider its denial of summary judgment on Plaintiff's excessive force claim against him. Dkt. No. [56-1]. Defendant takes issue with the Court's statement in footnote 11 in which the Court stated, "Defendants did not show, or even argue, that not all of the Officers participated in the arrest." Order, Dkt. No. [55] at 12 n.11. Defendant Lovett states while it is true all three officers admitted to participating in the arrest, "Sgt. Lovett did not admit to participating in the use of force in his SUMF, and Plaintiff did not contend that he did." Def. MFR, Dkt. No. [56-1] at 2.

In support of his argument, Defendant Lovett points to the Defendants' Statement of Material Fact No. 4 and Plaintiff's Response, which states the following:

> 4. Plaintiff DION BAKER began yelling and cursing, and Sgt. LOVETT placed him in custody for safety reasons. Officers BANHENE and GARNER attempted to place the suspect in custody and walked him over to a patrol vehicle, attempting to handcuff him. LOVETT Responses, TAB 1. Plaintiff BAKER resisted the attempt to handcuff him, and pulled his left arm away from Officer BANAHENE. Officer BANAHENE tried to gain control of Plaintiff BAKER by applying pressure to his left arm, and a loud popping sound was heard, indicating that the left arm had been broken. BANHENE Responses, TAB 3. GARNER Responses, TAB 2. However, Officer BANAHENE insists that he used no more force than was necessary in order to gain control of Plaintiff BAKER. TAB 4, BANAHENE's First Amended Responses to Plaintiff's First Interrogatories, pp. 15-16, from Response to Interrogatory No. 14.

Defs. SMF, Dkt. No. [40-2] at 3.

> **Response:** Plaintiff denies that he was yelling and cursing. Plaintiff asked Defendants why he was being detained and he was told to "shut up". Plaintiff did not resist arrest nor did he pull his arm away from Defendants. Plaintiff admits that his arm was broken due to the pressure applied by Defendant Banahene. Plaintiff cannot admit or deny whether Defendant Banahene "insists that he used no more force than was necessary in order to gain control of Plaintiff". (TAB 3, PLAINTIFF'S Affidavit, ¶6, ¶7; TAB 1, PLAINTIFF'S Affidavit, ¶10, ¶11; TAB 4, D'VONTE STEWART Affidavit, ¶9, ¶10, ¶12, ¶13, ¶14). 5. Plaintiff Baker was charged with obstruction of a police officer

Pl. Resp. to SMF, Dkt. No. [54] at 5.

Defendant Lovett admits that "[n]either party, then, specifically addressed Defendant Lovett's participation or non-participation in the breaking of Plaintiff's arm in so many words." Dkt. No. [56-1]. But Lovett argues that because Plaintiff responded to the above Statement of Material

2

Fact that "his arm was broken due to the pressure applied by Defendant Banahene" and did not also specifically mention Defendant Lovett, Defendant Lovett is entitled to summary judgment because if Plaintiff contended Lovett participated in the application of force, Plaintiff should have said so when he discussed Defendant Banahene's involvement. Dkt. No. [56-1] at 2-3.

"Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (internal citations omitted). Rather, to warrant vacating a final order, parties must satisfy the standards of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993).

Appropriate grounds for reconsideration under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th

3

Cir. 1996)); Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). Likewise, appropriate grounds for reconsideration under Rule 60 include "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. FED. R. CIV. P. 60(b). A party may also seek relief from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

Defendant's Motion is not a proper motion for reconsideration. Defendant's essential argument is that while Defendant Lovett did not move for summary judgment on the ground that he was not involved in the excessive force event, because Plaintiff did not affirmatively prove that fact without knowing the Defendant even disputed that ground, Defendant Lovett is entitled to summary judgment. Such an argument belies the summary judgment standard and who has the burden of proof. As stated in the Court's Order, "[t]he party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact." Order, Dkt. No. [55] at 4 (citing Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999)). A plaintiff is not required to divine a defendant's potential arguments—a plaintiff is only required to disprove or dispute those facts which the defendant has first raised for the Court. See Order, Dkt. No. [55] at 4-5; see also FED. R. CIV. P. 56(a) (stating the Court "shall grant summary judgment if *the movant* shows that there is

4

no genuine dispute as to any material fact . . . ."). Because Defendant Lovett admits he did not "specifically address" that he did not participate in the use of force, see Dkt. No. [56-1] at 2, Defendant's Motion is **DENIED**.

The Court also notes that Defendant Lovett's argument is belied by the record evidence as Defendant Lovett has (1) admitted that he helped hold Plaintiff down during the excessive force incident, and (2) included this evidence in support of his Motion for Summary Judgment. Lovett Am. Rog. Resp., Dkt. No. [44] at 7 ("Officer Banahene and Dectective Garner (who was working a part-time job at the location) attempted to place the suspect in custody and walked him over to the hood of the patrol vehicle. While doing so, the suspect continued to curse loudly and stated, "I'm 54th St. hard[."] [Plaintiff] also tensed his arms and attempted to pull away from the officers. After observing [Plaintiff] kick his feet back at the officers, *[Defendant Lovell] controlled [Plaintiff's] legs by placing [his] right leg across [Plaintiff's] leg.* [Defendant Lovell] then hears a loud pop and the suspect then complained of pain in his left arm.") (emphasis added); see also id. at 2 (stating the attached evidence was filed "for use in Defendants' Motion for Summary Judgment"). Defendant Lovell's own interrogatory response, which Defendant Lovell produced in support of his Motion for Summary Judgment, at a minimum, also creates a dispute of material fact about whether Defendant Lovell participated in the use of force.

5

For the foregoing reasons, Defendant Lovell's Motion for Reconsideration [56] is **DENIED**. Pursuant to the Court's previous order, the parties are required to submit a Joint Proposed Pretrial Order within 15 days of this Order. See Mar. 27, 2014 Minute Order.

**IT IS SO ORDERED** this 15th day of December, 2014.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE